UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GARY GILLARD,

                          Plaintiff,

   v.                                                 9:09-CV-0860
                                                             (NAM)(GHL)

MICHAEL ROVELLI, *et al.*,

                          Defendants.

---

APPEARANCES:                          OF COUNSEL:

GARY GILLARD
Plaintiff, *pro se*
01-A-1613
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO            ROGER W. KINSEY, ESQ,
New York State Attorney General      Assistant Attorney General
Counsel for State Defendants
The Capitol
Albany, NY 12224

ERIC PEREZ
Defendant, *pro se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

GEORGE H. LOWE, United States Magistrate Judge

**DECISION and ORDER**

      Presently before the Court is a letter motion filed by Plaintiff Gary Gillard seeking various

relief from the Court, including appointment of counsel, as more fully discussed below.[1] (Dkt. No.

---

      [1]  Several other motions are currently pending Court review and will be addressed by separate order.

56.)

First, Plaintiff asks for a copy of Defendant Perez's answer and that the cost associated with copying the answer "be deducted as the original Court fees are being deducted/collected." (Dkt. No. 56 at 3.) This request is **denied** as moot because the Clerk of the Court provided Plaintiff with a complimentary copy of defendant Perez's answer on June 3, 2010. (Dkt. No. 71.)

Second, Plaintiff seeks an order directing the Clerk of the Court to send Plaintiff an updated docket report on the first of the month and that the fees associated with copying the docket report be deducted in the same manner as the court fees. (Dkt. No. 56 at 3.) Plaintiff's request is **denied**. Given the volume of cases pending in this District, the Clerk is unable to send docket reports to parties on a monthly basis without receiving an actual request for the report. Should Plaintiff require an updated docket report at a given time, he must request it in writing addressed to the Clerk of the Court. Moreover, Plaintiff's request that the cost of copies for documents requested from the Court be deducted on an installment basis from his inmate account is **denied**.

Third, Plaintiff seeks an order directing the U.S. Marshal to update Plaintiff on the status of serving Defendants and to provide Plaintiff with copies of "all yellow part of form 285." (Dkt. No. 56 at 3.) The Clerk is directed to provide Plaintiff with a complimentary copy of the docket report which includes information regarding service upon the Defendants. This request is otherwise **denied**.

Fourth, Plaintiff requests an order directing the New York State Department of Correctional Services to allow Plaintiff to correspond with *pro se* inmate Defendant Perez for purposes of this action. (Dkt. No. 56 at 4.) By Order dated May 13, 2010 (Dkt. No. 67), at the state Defendants' request, Plaintiff was granted permission to correspond with inmate Perez for the purpose of prosecuting this action and subject to the requirements and limitations set forth in Department of

Correctional Services Directive 4422. Accordingly, this fourth request is **denied** as moot.

Fifth, Plaintiff requests appointment of counsel. (Dkt. No. 56 at 4.) Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In his Complaint, Plaintiff alleges that the Defendants entered into a conspiracy to cause plaintiff serious physical harm, denied him proper medical care in deliberate indifference to his medical needs, and subjected Plaintiff to excessive force and cruel and inhuman treatment. Dkt. No. 1. The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel at this time. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and his submissions in this matter, including a request for entry of default and a cross motion for summary judgment, demonstrate that he has been able to communicate effectively with the Court. While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the

trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974.  Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.  In any event, it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any dispositive motions).  The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.  Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of **specific changed circumstances**, consideration of the above factors warrants the granting of such an application.

WHEREFORE, it is hereby

ORDERED that Plaintiff's motion for appointment of counsel (Dkt. No. 56) is **denied** without prejudice to renew at some future time for the reasons stated above; and it is further

ORDERED that the Clerk of the Court is directed to send Plaintiff a complimentary copy of the docket report; and it is further

ORDERED that Plaintiff's remaining requests (Dkt. No. 56), as detailed above, are **denied**; and it is further

ORDERED that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: August 26, 2010
       Syracuse, New York

                                          George H. Lowe
                                          United States Magistrate Judge