UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**Gary Gillard,**

**Plaintiff,**

**-v-**                                    **9:09-CV-860 (NAM/TWD)**

**Michael Rovelli, et al.,**

**Defendant.**

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Gary Gillard
01-A-1613
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011
Plaintiff, pro se

Eric Perez
08-B-1176
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Defendant, pro se

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Roger W. Kinsey, Esq., Assistant New York State Attorney
James B. McGowan,Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for all Defendants except Eric Perez


**Hon. Norman A. Mordue, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**BACKGROUND**

Currently pending are a motion (Dkt. No. 137) by plaintiff for summary judgment against

defendant Eric Perez, and a motion (Dkt. No. 140) by defendant Nurse J. Leos for summary

judgment dismissing plaintiff's claims against her. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation and Order (Dkt. No. 161) recommending that the Court deny plaintiff's motion in its entirety and grant defendant Leos' motion for summary judgment in part.

Defendant Leos has filed an objection to the Report-Recommendation and Order, asserting that all claims against her should be dismissed. Although granted an extension of time to do so, plaintiff has not interposed an objection. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Where a party does not object to a magistrate judge's report and recommendation, the Court may adopt it if there is "no clear error on the face of the record." *Glaspie v. New York City Dept. of Corrections*, 2010 WL 4967844, *1 (S.D.N.Y. Nov. 30, 2010) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005)). As set forth below, the Court accepts the Report-Recommendation and Order in part and rejects it in part.

## DISCUSSION

The Court first reviews plaintiff's motion for summary judgment against Perez. The Court agrees with Magistrate Judge Dancks that plaintiff has not shown that he is entitled to judgment as a matter of law. Regardless of Perez' failure to respond to the motion, plaintiff is not entitled to summary judgment. The Court accepts the Report-Recommendation and Order in this respect.

As for defendant Leos' motion for summary judgment, Magistrate Judge Dancks recommends that the Court grant partial summary judgment dismissing the following claims against Leos: the official capacity claims; the Eighth Amendment claim for deliberate

indifference in providing medical treatment; and the claim for failure to protect. Magistrate Judge Dancks recommends denial of summary judgment dismissing the sole remaining claim against Leos, *i.e.*, the claim that Leos falsified medical records, because Leos did not address this claim in her motion papers. On review of the record, the Court denies defendant Leos' motion for summary judgment except that the Court dismisses the claims against Leos in her official capacity.

Briefly, the relevant allegations in the unsworn complaint (Dkt. No. 1) are as follows. On April 29, 2009, defendant Eric Perez beat plaintiff in the recreation yard, with the assistance and encouragement of defendant Michael Rovelli. Plaintiff claims that corrections officers then took him to "exam room #1" in the hospital and beat him, then took him to "exam room #3" and beat him some more, then returned him to "exam room #1" and finished the beating. Plaintiff states he was then taken to "exam room #2," where "J. Leos did a visual inspection of the plaintiff's body documenting some of the injury not saying anything or asking any question and gave no medical assistance other than wash the blood off the face and head of the plaintiff. [T]he alleged time was 9:45 a.m. which was false and cover up for beating."[1] The complaint also claims that plaintiff later told Janet Collins, Nurse Administrator, that he "was beaten by staff in exam room #1 on April 25, 2009 while medical staff stood by and did nothing not even report it." Plaintiff alleges that "defendant Jane Doe was at the hospital the day of the incident and failed to stop, report, or identify any other staff assisting in the beating and vigilante gang assault against the plaintiff thus is a witness and acting under conspiracy along with all facility staff to harm the plaintiff."

In 2010, defendants moved (Dkt. No. 42) to dismiss the complaint on the ground of failure

---

[1] The Court quotes directly from the record without noting or correcting errors.

to state a claim under Fed.R.Civ.P. 12(b)(6).  In opposition, plaintiff submitted a declaration under penalty of perjury (Dkt. No. 72) alleging that "all named defendants deliberately with intent beat the plaintiff while he was handcuffed behind his back as all medical staff watched or disregarded the conduct of staff and failed to report said beating."

In opposition to the instant motion, plaintiff submits a declaration under penalty of perjury (Dkt. No. 154) stating:

> When plaintiff was taken to the hospital area defendant Leos was in the room and stood by as defendant Michael Rovelli began his assault on the plaintiff then she walked out of the room as the beating turned bloody, this was 9:45 a.m.
>
> Defendant Leos did not return to the room until after the beating was stopped which was about 12 - 15 minutes later.
>
> Defendant Leos did document false information into the medical records of the plaintiff as the plaintiff did not have the injuries to his face and body before he reached the exam room #1 where the beating took place.
>
> Defendant J. Leos failed to report the beating to her supervisors or the superintendent attempting to cover up the ongoing unconstitutional policy of beating of prisoners within medical department while medical staff and defendant Leos stand by waiting to cover up the injuries by filing false and misleading informations into the medical records.
> ***
> Defendant Leos did not review the injuries until after the beating which was well past 9:45 closer to 10 am but she documented the alleged care as 9:45 am in the attempt to cover up the beating time frame of about 15 minutes.
>
> The defendants are relying on the video tape, of which the recorder which was not produced until after the beating by correctional staff and it does not reflect the first 12 - 15 minutes of the beating and therefore only shows defendant Leos trying to wash away the blood off the face and head of the plaintiff which was washed by defendant Deluca before the video was turned on.  Leos failed to identify how the injuries were obtained and attempted to claim they were received from a fight that took about 30 seconds by video of incident.
>
> Defendant Leos and her counsel has lied to this court and continue to lie to justify there deliberate indifference to the serious injuries received by the

4

beating of correctional officers that Leos did attempt to cover up and fail to report as a criminal act and vigilante gang assault.

The Court finds no error in the Report-Recommendation and Order insofar as it recommends dismissal of the official capacity claims against Leos based on the Eleventh Amendment. This part of the motion is granted.

The Court next considers whether to grant summary judgment on the Eighth Amendment claim for deliberate indifference in providing medical treatment. The Report-Recommendation and Order correctly sets forth the applicable law:

> Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance* [*v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)] (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702-03. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. at 835. An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle* [*v. Gamble*, 429 U.S. 97, 105-06 (1976)].

Leos concedes, solely for the purpose of the motion, that "plaintiff's abrasions and lacerations" as set forth in Leos' report constituted a serious injury.[2] Plainly, though, plaintiff's

---

[2] Citing to Leos' declaration on this motion, the Report-Recommendation and Order states: Defendant Leos declares that she examined Plaintiff at the infirmary "following a fight." She noted several injuries in her report: (1) a 3/4 inch laceration to Plaintiff's right eyebrow; (2) a half-dollar-sized bump on Plaintiff's right cheekbone; (3) abrasions to Plaintiff's left cheek; (4) an abrasion to the middle of Plaintiff's back and right scapula area; (5) an abrasion to Plaintiff's right index finger; and (6) an abrasion to Plaintiff's left knee. She declares that she cleaned the lacerations on Plaintiff's head with normal saline solution. She then retrieved the physician on duty to suture the laceration above Plaintiff's right eyebrow. Defendant Leos declares that Plaintiff refused the suturing.
(Citations to record omitted.)

5

claim is that he sustained injuries in addition to the abrasions and lacerations noted by Leos.  The

Report-Recommendation and Order recommends dismissal of the deliberate indifference claim

because plaintiff's allegation that he sustained "broken ribs, broken ear drum and fractured hand"

– that is, injuries in addition to those noted by Leos – is not in evidentiary form.  In fact, plaintiff

did submit a declaration under penalty of perjury in his opposition (Dkt. No. 154) to this motion,

but his specific reference to "broken ribs, broken ear drum and fractured hand" was set forth in

his accompanying "Statement of Disputed Factual Issues," which did not state it was made under

penalty of perjury.  Whether plaintiff's medical indifference claim should fall on this technicality

is doubtful.  In addition, in his declaration under penalty of perjury (Dkt. No. 72) in opposition to

defendants' 2010 dismissal motion, plaintiff claimed that "medical staff deliberately covered up

the injuries to assist the staff in there revenge against plaintiff by denying the plaintiff all medical

assistance or ex-rays which did cause the plaintiff to live in continued pain until this very day,

with ear aches, back aches, arm aches, neck aches, leg aches, ankle aches as well as internal

injuries which have not healed from the beating."  In any event, inasmuch as Leos conceded on

this motion that plaintiff sustained a serious injury, plaintiff's failure to submit evidentiary proof

of serious injury in opposing the motion is understandable.  Therefore, on this record, dismissal

based on insufficient evidence of serious injuries (or of injuries in addition to those reported by

Leos) is not warranted.  As for the other elements of deliberate indifference, based on plaintiff's

allegations that he suffered serious injuries in addition to those reported by Leos, that Leos knew

he had just been subjected to a severe beating by six corrections officers for 12 - 15 minutes, and

that she falsified the record to cover up the beating by falsifying the time of her examination, by

reporting only superficial injuries, and by failing to order an x-ray, a reasonable fact-finder could

6

conclude that Leos was aware of facts from which the inference could be drawn that plaintiff had a serious medical need, that she actually drew that inference, and that she "consciously and intentionally disregarded or ignored that serious medical need." Summary judgment dismissing the medical indifference claim is not warranted.

The Court also disagrees with the Report-Recommendation and Order insofar as it recommends summary judgment dismissing the failure to protect claim. The complaint alleges that defendant Jane Doe "was at the hospital the day of the incident and failed to stop ... the beating," and that plaintiff told Nurse Janet Collins that he was "beaten by staff in exam room #1 ... while medical staff stood by and did nothing." As noted, in his declaration (Dkt. No. 72) in opposition to defendants' motion to dismiss (Dkt. No. 42), plaintiff states that "all named defendants deliberately with intent beat the plaintiff while he was handcuffed behind his back as all medical staff watched or disregarded the conduct of staff and failed to report said beating." Defendants had adequate notice that plaintiff was asserting a failure to protect claim against at least one defendant who was a member of the medical staff. Leos claims no prejudice arising from her lack of knowledge that plaintiff alleges that she was one of the medical staff members who watched or disregarded the beating and failed to report it. In his declaration under penalty of perjury in response to this motion, plaintiff sets forth in detail his failure to protect claim against Leos – that is, that Leos was in the room and stood by as defendant Michael Rovelli began his assault on the plaintiff; that she walked out of the room as the beating "turned bloody" at 9:45 a.m.; that she did not return to the room until after the beating was over about 12 - 15 minutes later; and that she failed to report the beating to her supervisors or the superintendent. Summary judgment dismissing this claim is denied.

Finally, Magistrate Judge Dancks recommends that the Court deny summary judgment dismissing the falsification of medical records claim, because Leos' summary judgment motion did not explicitly request this relief. The Court agrees. In the absence of notice that Leos sought summary judgment on this claim, plaintiff was deprived of the opportunity to address the issue.

## CONCLUSION

It is therefore

ORDERED that the Report-Recommendation and Order (Dkt. No. 161) is accepted in part and rejected in part; and it is further

ORDERED that plaintiff's motion (Dkt. No. 137) for summary judgment against defendant Eric Perez is denied; and it is further

ORDERED that defendants' motion (Dkt. No. 140) for summary judgment dismissing the claims against defendant Nurse J. Leos is granted to the extent of dismissing the claims against her in her official capacity and otherwise denied; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

March 25, 2013
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge